UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br>    Plaintiff,<br><br>v.<br><br>AMERICAN FEDERATION OF STATE,<br>COUNTY AND MUNICIPAL EMPLOYEES<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 1:25-cv-3985<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendant American Federation of State, County and Municipal Employees ("AFSCME" or the "Union") files this Notice of Removal of the above captioned matter from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. The grounds for removal are as follows:

1. On or about August 4, 2025, Plaintiff Jane Doe filed a Complaint in the Superior Court of the District of Columbia against AFSCME. Plaintiff served a copy of the Complaint upon Defendant on October 27, 2025. A copy of the Complaint and Summons are attached hereto as Exhibits A and B respectively.

2. Plaintiff's Complaint alleges, inter alia, claims for sexual harassment, retaliation, gender discrimination, hostile work environment, invasion of medical privacy, and constructive discharge as well as violations of the D.C. Family and Medical Leave Act and the D.C. Wage Payment and Collection Law.

3. This Court has original jurisdiction over the matter because Plaintiff's claims arise under the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 301 of the Labor Management Relations Act ("LMRA") provides federal

1

jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).

4. Plaintiff's claims against AFSCME cannot be resolved without application and interpretation of the collective bargaining agreement ("CBA") that established the terms and conditions of Plaintiff's employment, and provided a basis for the actions taken by AFSCME in the course of Plaintiff's employment, including AFSCME's ultimate decision to terminate Plaintiff's employment. The CBA is attached hereto as Exhibit C. Accordingly, Plaintiff's legal claims against AFSCME are preempted under § 301 of the LMRA, 29 U.S.C. § 185(a), and must be resolved in federal court. *See Allis-Chambers Corp. v. Lueck*, 471 U.S. 202 (1985), *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988).

5. Although Plaintiff frames her claims and request for relief under local statutes and common law, there is no dispute that the factual allegations and relief sought are governed by the CBA between AFSCME and Plaintiff's collective bargaining representative - the United Staff Union ("USU"). *See* Complaint, at ¶¶ 6, 13-18, 26-29, 30-31, 67, 95, and 99-107. There is equally no dispute that, for purposes of collective bargaining and contract administration, Plaintiff was a member of the USU.

6. Indeed, Plaintiff acknowledges in her Complaint that she engaged the USU and submitted grievances challenging discipline imposed on her by AFSCME that she now relies on in her lawsuit to allege that AFSCME retaliated against her and imposed a "pretextual reprimand" on her, "setting the stage for a pretextual termination." *See* Complaint, at ¶¶ 26-28. The validity of such allegations will require the Court to review

2

and apply the applicable provisions of the collective bargaining agreement as they relate to Plaintiff's grievance.

7. Plaintiff also admits, in the Complaint that the alleged "payroll misconduct" by AFSCME is "improper, arbitrary and retaliatory" is "currently the subject of an internal grievance." *See* Complaint, at ¶ 30. Plaintiff further claims in her Complaint that for much of the conduct that forms the basis of her lawsuit, she "actively sought relief through the internal grievance processes." *See* Complaint, at ¶ 95.

8. In addition, Plaintiff alleges that AFSCME engaged in "unlawful wage deductions" and seeks relief from this alleged unlawful action. *See* Complaint, ¶¶ 99-107. Plaintiff also acknowledges, however, that wage deductions by an employer are lawful if "authorized by law or written agreement." *Id*. at ¶ 104. Here, the "written agreement" that authorizes AFSCME's wage deductions can be found (at least in part) in the applicable collective bargaining agreement. *See* Exhibit C, at Article 25, Section 10 (Section 25.10)

9. Likewise, Plaintiff's claims alleging interference with and retaliation for use of protected leave (*See* Complaint, Count V, ¶¶ 70-79) and her claim of invasion of privacy – instruction into medical privacy (*See* Complaint, Count VI, ¶¶ 80-89) cannot be addressed by the Court without extensive reference to, and interpretation of the relevant provisions of the collective bargaining agreement under which Plaintiff worked which sets out much of the relevant obligations owed by both Plaintiff and AFCME concerning issues of leave, leave documentation and the return to work process.

10. Plaintiff's allegation of constructive discharge (*See* Complaint, Count VII, ¶¶ 90-98) also arises under federal law because resolution of this claim will require the Court to interpret and apply the collective bargaining agreement under which Plaintiff worked and pursuant to AFSCME's decision to terminate Plaintiff's employment. *See Lance v. Greyhound Lines, Inc.*, 244 F.Supp.3d 147, 157-58 (D.D.C. 2017)("Plaintiff's wrongful termination and constructive discharge claims are preempted by Section 301 because their resolution necessarily requires the Court to interpret the CBA . . .") *citing Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); *Int'l. Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West*, 366 F.Supp.2d 33, 40 (D.D.C. 2005)("In other words state law is preempted by § 301 of the [LMRA] if its application requires interpretation of a collective bargaining agreement.").

11. The above allegations establish that whether AFSCME acted improperly with respect to her employment, and the termination of that employment will be controlled by application and interpretation of the collective bargaining agreement under which she was employed. Thus, removal to federal court is appropriate.

12. In addition to the allegations discussed above and the implication of the collective bargaining agreement, there are multiple other instances throughout Plaintiff's Complaint where application and interpretation of the collective bargaining agreement will be required when considering Plaintiff's allegations against AFSCME. Specifically:

    a. Paragraphs 13-14 of Plaintiff's Complaint allege sexual harassment by a union steward and colleague. Articles 9 and 28 of the CBA impose contractual obligations to prevent harassment and provide grievance rights for such claims.

4

      Article 10 of the CBA establishes that designated union stewards may process grievances and administer grievance procedures.

b. Paragraphs 15-16 of Plaintiff's Complaint allege that Plaintiff reported the harassment, but AFSCME failed to initiate an investigation or take corrective action. Article 28 of the CBA imposes contractual obligations to investigate reports of harassment.

c. Paragraphs 17-18 of Plaintiff's Complaint allege retaliation for engaging in protected activity. Article 28 of the CBA imposes contractual obligations to prevent and investigate retaliation.

d. Paragraph 26 of Plaintiff's Complaint alleges Plaintiff was subject to discipline. Article 8 of the CBA governs procedures for imposing discipline, which Plaintiff challenges as retaliatory.

e. Paragraph 29 of Plaintiff's Complaint alleges Plaintiff's paychecks were reduced and subject to deductions. Articles 3 and 23 address authorized deductions, salary scales, classifications, and related entitlements.

f. Paragraph 31 of Plaintiff's Complaint alleges she was constructively discharged. Plaintiff was formally terminated, not constructively discharged. Article 8 of the CBA governs procedures and standards for employee discharge, which Plaintiff challenges as retaliatory.

g. Paragraph 67 of Plaintiff's Complaint alleges that she filed "official grievances" yet the Defendant "failed to take effective corrective action." Article 9 of the CBA establishes contractual obligations to follow the grievance procedures and grants employees' rights.

13. The Superior Court of the District of Columbia in which this matter was commenced is within this Court's district. Therefore, the matter is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), Defendant may remove the state court case to this Court on or before November 17, 2025, within thirty (30) days after the Defendant was served with the initial pleading.

15. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the District of Columbia and a copy is being served on Plaintiff as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit D.

16. This Court's required filing fee and executed civil cover sheet accompany this Notice.

Having fully complied with all requirements for removal of this action, Defendant respectfully requests that the action now pending in the Superior Court of the District of Columbia be removed to the United States District Court for the District of Columbia.

Respectfully submitted,

     /s/ Mark J. Murphy
Mark J. Murphy (No. 453060)
Khadeja Tipu
MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.
1620 Eye Street, NW, STE 700
Washington, DC 20006
mmurphy@mooneygreen.com
ktipu@mooneygreen.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

    I certify that on this 17th day of November, 2025, a true and correct copy of the foregoing Notice of Filing of Notice of Removal was served by email and by first-class U.S. mail, postage prepaid upon:

John L. Pittman III, Esq., LLM2
John L. Pittman III | Attorney at Law, APC
925 B Street, Suite 604
San Diego, CA 92101
jlpittmaniii@jp3law.com

                                                              _Mark J. Murphy_
                                                              Mark J. Murphy