UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE,**<br>(individually and proceeding under pseudonym)<br><br>c/o John L. Pittman III, Esq.<br>925 B. St, Suite 604<br>San Diego, CA 92101<br><br>*Plaintiff*,<br>v.<br><br>**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,**<br>1625 L St NW, Washington, DC 20036,<br><br><br>*Serve on*: AFSCME<br>1625 L Street, N.W.<br>Washington, DC 20036-5687<br><br>*Defendants.* | Case No.: 1:25-cv-03985-SLS<br><br>Judge: Judge Sparkle L. Sooknanan<br><br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S MOTION TO REMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Jane Doe respectfully moves to remand this action to the Superior Court of the District of Columbia for lack of subject-matter jurisdiction. Defendant removed solely on the theory that LMRA § 301 "completely preempts" Plaintiff's District of Columbia statutory and common-law claims because Plaintiff worked under a collective-bargaining agreement ("CBA") and used a grievance process. That is not the law. Plaintiff's claims arise from nonnegotiable District statutory duties (DCHRA, DCFMLA, DCWPCL) and District common-law rights (privacy and wrongful/constructive discharge in violation of public policy) that can be

adjudicated without interpreting any CBA term. At most, the CBA may supply background facts or a defense—insufficient to create federal-question jurisdiction under the well-pleaded complaint rule.

This case also presents an urgent confidentiality issue: Plaintiff filed under seal and under the pseudonym "Jane Doe" in Superior Court due to sensitive sexual-harassment and medical-privacy allegations. Removal cannot be weaponized to strip those protections. Under 28 U.S.C. § 1450, the Superior Court's sealing and pseudonym orders remain in full force after removal unless and until this Court modifies them. Pending remand, Plaintiff requests an order maintaining the seal/pseudonym and requiring redacted public filings (if any) that avoid disclosure of Plaintiff's identity.

Finally, Plaintiff requests fees and costs under § 1447(c) because removal lacked an objectively reasonable basis under settled Supreme Court, D.C. Circuit, and D.D.C. authority rejecting § 301 complete preemption for discrimination, leave, wage-payment, and privacy tort claims that do not turn on interpreting CBA terms.

## INTRODUCTION

1. Plaintiff filed this action in the Superior Court of the District of Columbia under seal and under the pseudonym "Jane Doe." The Complaint asserts eight counts arising under District of Columbia law: statutory claims under the D.C. Human Rights Act ("DCHRA") for sexual harassment/ hostile work environment, retaliation, and sex/gender discrimination; statutory claims under the D.C. Family and Medical Leave Act ("DCFMLA"); statutory claims under the D.C. Wage Payment and Collection Law ("DCWPCL"); and common-law claims for invasion of privacy and constructive discharge/wrongful termination in violation of public policy.

2. Defendant removed on November 17, 2025, asserting federal-question jurisdiction under 28 U.S.C. § 1331 solely on LMRA § 301 complete preemption. Defendant's Notice of Removal

contends Plaintiff's claims "cannot be resolved without application and interpretation" of the CBA because the Complaint references discipline, payroll deductions, leave documentation, discharge, and "internal grievances." That contention misstates § 301 doctrine. Section 301 does not create federal jurisdiction whenever a workplace is unionized or a CBA exists; it creates complete preemption only when the state-law claim is (i) founded directly on rights created by a CBA or (ii) substantially dependent on interpreting disputed CBA terms. Where the claim can be resolved by applying external law (statute/common law) to facts—without interpreting the CBA—there is no complete preemption and no removal jurisdiction.

3. This Court should remand. Any doubts must be resolved in favor of remand. The Court should also maintain the seal and pseudonym pending remand and award fees and costs under § 1447(c).

## STATEMENT OF RELEVANT LEGAL STANDARDS

**A. Removal is strictly construed; Defendant bears the burden; the well-pleaded complaint rule controls.**

4. Federal courts are courts of limited jurisdiction. The removal statute is strictly construed, and the removing defendant bears the burden of establishing subject-matter jurisdiction. *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 101 (D.D.C. 2008). Any doubt must be resolved in favor of remand. *RWN Dev. Grp., LLC v. Mohn*, 79 F. Supp. 3d 290, 296 (D.D.C. 2015).

5. Federal-question jurisdiction exists only when a federal issue appears on the face of the properly pleaded complaint. *Caterpillar*, 482 U.S. at 392. A defendant cannot manufacture jurisdiction by asserting a federal defense, including ordinary preemption. Id. at 393. "Complete preemption" is a narrow exception that applies only when Congress intended a federal cause of action to wholly displace a category of state-law claims. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7–8 (2003).

6. Complete preemption is a narrow exception. It applies only when Congress intended a

3

federal statute to provide the exclusive cause of action for the claim, converting the state claim into a federal claim from its inception. Because complete preemption is jurisdictional and extraordinary, courts apply it narrowly.

**B.    LMRA § 301 complete preemption is limited to claims requiring interpretation of a CBA.**

7.    Section 301 provides a federal cause of action for "suits for violation of contracts" between an employer and a labor organization. The Supreme Court has made clear that § 301's preemptive force extends only to (i) claims founded directly on rights created by a CBA or (ii) claims whose resolution is substantially dependent on analysis—i.e., interpretation—of a CBA.

8.    The touchstone is "interpretation," not "reference." A claim is not preempted merely because a court may consult a CBA, because the CBA may be relevant evidence, or because damages may be calculated with reference to wage rates set by the CBA. Nor is a claim preempted because the defendant asserts that the CBA authorized its conduct. Those are defenses.

9.    In other words: § 301 does not extinguish independent statutory and common-law rights. It preempts only when adjudication requires the court to interpret disputed CBA terms to determine the existence or scope of the plaintiff's right to relief.

/s/ John L. Pittman III
John L. Pittman III, Esq., LLM[2]
Texas State Bar No. 24127922
New York State Bar No. 5880646
California State Bar No. PL482988
District of Columbia Bar No. 1742578
**JOHN L. PITTMAN III | ATTORNEY AT LAW, APC**
925 B Street, Suite 604 - San Diego, California 92101
Direct: 760-575-4042 - Fax: 877-575-5264
jlpittmaniii@jp3law.com
**COUNSEL FOR PLAINTIFF JANE DOE**

MEMORANDUM OF POINTS AND AUTHORITIES

IN SUPPORT OF MOTION TO REMAND

**A. PLAINTIFF'S COMPLAINT DOES NOT PLEAD A FEDERAL CAUSE OF ACTION; DEFENDANT'S ONLY REMOVAL THEORY—LMRA § 301 COMPLETE PREEMPTION—FAILS.**

10. Plaintiff is the master of her complaint and pleaded District of Columbia claims. Defendant's Notice of Removal does not identify any federal count; it asserts that Plaintiff's District claims are transformed into federal claims by § 301. That is incorrect.

11. Clarification regarding surplusage: to the extent the Complaint contains any prefatory, non-count language referencing federal statutes, Plaintiff does not assert any federal cause of action. The operative counts and elements are exclusively District of Columbia law. The Court should assess removal jurisdiction based on the claims actually pleaded.

**II. NONE OF PLAINTIFF'S CLAIMS ARE "FOUNDED DIRECTLY ON" CBA RIGHTS OR "SUBSTANTIALLY DEPENDENT" ON INTERPRETING DISPUTED CBA TERMS.**

**1. Plaintiff's DCHRA claims are independent of the CBA and turn on statutory duties and factual questions about conduct, severity, and motive.**

Counts I–IV arise under the DCHRA, which imposes nonnegotiable statutory duties on employers to refrain from discrimination, harassment, and retaliation and to take prompt remedial action when on notice. Liability turns on the nature of the challenged conduct, the employer's response, causation, and motive—issues that can be decided without construing any "meaning" of CBA terms.

The Supreme Court's decision in *Lingle* is directly on point: even where a CBA provides a "just cause" discipline standard, a retaliatory discharge claim under state law is not preempted because it can be resolved by examining the employer's motive and the employee's protected activity—

without interpreting the CBA. 486 U.S. at 407–10. The same is true here. Plaintiff does not ask this Court to decide whether discipline or termination satisfied contractual "just cause" standards; Plaintiff alleges discrimination/harassment/retaliation prohibited by D.C. law. D.D.C. precedent likewise rejects § 301 complete preemption for DCHRA and related tort claims where the claims can be decided without interpreting the CBA. See, e.g., *Daniels v. Potomac Elec. Power Co.*, Civ. No. 10-1554 (ABJ), Mem. Op. at 8–16 (D.D.C. June 10, 2011) (granting remand; DCHRA and IIED claims not completely preempted because they did not require CBA interpretation).

**2. Plaintiff's DCFMLA interference/retaliation claim is independent of the CBA.**

Count V arises under the DCFMLA, which creates statutory leave rights and prohibits interference and retaliation. Whether Defendant demanded excessive medical records, refused adequate certifications, interfered with protected leave, or retaliated for leave use turns on statutory standards and factual questions about Defendant's conduct—again, not the meaning of disputed CBA provisions.

The existence of CBA leave-related provisions does not convert a statutory claim into a contract claim. See *Lingle*, 486 U.S. at 409–10 (state-law rights independent even if they "parallel" contractual rights). Defendant may argue that Plaintiff failed to follow contractual documentation or grievance steps; that is a defense. It does not create federal jurisdiction.

**3. Plaintiff's intrusion-upon-seclusion / medical privacy claim does not require CBA interpretation.**

Count VI alleges intrusion into medical privacy (demanding invasive psychiatric records beyond what DCFMLA requires, etc.). This claim arises from D.C. common law privacy protections. It turns on what Defendant demanded, whether the intrusion would be highly offensive to a reasonable person, and causation/damages. No CBA term must be construed to determine whether coercing disclosure of psychiatric treatment records was wrongful.

**4. Plaintiff's constructive discharge / public-policy wrongful termination claim is not a disguised § 301 claim.**

Count VII alleges constructive discharge / wrongful termination in violation of D.C. public policy (anchored in DCHRA/DCFMLA protections). The question is whether Defendant deliberately made conditions intolerable and whether the discharge violated public policy— factual and statutory determinations. Defendant's anticipated position ("she was terminated, not constructively discharged," or "discipline complied with contract") is merits-based and does not require construing the CBA to decide whether D.C. public policy was violated.

**5. Plaintiff's DCWPCL wage-deduction claim is statutory; any reference to wage rates is not "interpretation."**

Count VIII alleges unlawful wage deductions and failure to pay earned wages under the DCWPCL. Defendant argues that "authorized deductions," "salary scales," or "classifications" in the CBA must be applied. (Notice of Removal ¶ 12(e).) That does not establish complete preemption.

Under *Livadas*, consulting a CBA to confirm an undisputed wage rate, pay period, or arithmetic calculation is not "interpretation" and does not trigger § 301. 512 U.S. at 124–25. The statutory issue here is whether deductions were lawful/authorized under D.C. wage law and whether earned wages were paid—questions resolved by D.C. statutory standards and payroll facts. Defendant's attempt to reframe a DCWPCL claim as a CBA-wage dispute is precisely the kind of defensive maneuver the well-pleaded complaint rule forbids. *Caterpillar*, 482 U.S. at 393.

**III. THE NOTICE OF REMOVAL'S SPECIFIC "CBA HOOKS" DO NOT ESTABLISH THAT ANY CLAIM "NECESSARILY REQUIRES" INTERPRETATION OF THE CBA.**

Defendant's removal rests heavily on a list of Complaint paragraphs and CBA articles. (Notice of Removal ¶ 12(a)–(g).) But pointing to overlapping subject matter is not the test. The test is

whether adjudication requires resolving a dispute over the meaning of a CBA term. *Searcy*, slip op. at 10–13; *Livadas*, 512 U.S. at 124–25.

**(a) Harassment by a steward/colleague; (b) reporting and failure to investigate; (c) retaliation for protected activity**

Defendant cites CBA Articles 9 and 28 as imposing "contractual obligations to prevent harassment," "investigate," and provide grievance rights. (Notice of Removal ¶ 12(a)–(c).) Even if those provisions exist, Plaintiff sues under the DCHRA, which independently prohibits sexual harassment and retaliation and imposes employer duties upon notice. Plaintiff need not (and does not) prove a breach of contractual investigation steps; Plaintiff must prove unlawful harassment/retaliation under D.C. statutory standards. The Court can assess conduct, severity/pervasiveness, notice, and remedial response without interpreting Article 9 or 28. Courts routinely remand where discrimination/harassment claims could be litigated without construing CBA text—even where the CBA contains parallel anti-harassment language. See *Daniels*, Mem. Op. at 8–16.

**(d) Discipline**

Defendant argues that because the Complaint references "discipline," Article 8's discipline procedures must be interpreted. (Notice of Removal ¶ 12(d).) Not so. Plaintiff does not ask the Court to decide whether discipline complied with contractual "cause" standards; she alleges discipline was retaliatory and discriminatory. Under *Lingle*, motive-based retaliation/discrimination claims are independent of the CBA even if the same events could also be grieved under the contract. 486 U.S. at 407–10.

**(e) Paycheck reductions and deductions**

Defendant argues wage deductions implicate Articles 3 and 23. (Notice of Removal ¶ 12(e).) Plaintiff's wage claim is statutory. Whether a deduction is lawful under DCWPCL does not turn

on the meaning of CBA terms. At most, the CBA may be referenced for payroll background or to confirm an undisputed rate—insufficient for § 301. *Livadas*, 512 U.S. at 124–25.

**(f) Constructive discharge versus formal termination**

Defendant argues Plaintiff was "formally terminated" and Article 8 discharge standards must be interpreted. (Notice of Removal ¶ 12(f).) This is a merits dispute (what happened and how it should be characterized), not a jurisdictional one. Constructive discharge under D.C. law turns on intolerable conditions and causation; it does not require a court to interpret Article 8's contractual discharge procedures.

**(g) "Official grievances"**

Defendant argues the Complaint's reference to "official grievances" requires interpreting grievance procedures. (Notice of Removal ¶ 12(g).) Wrong again. Mentioning that Plaintiff pursued internal remedies is evidentiary background. A grievance procedure is not an element of any pleaded D.C. law claim. Failure to exhaust contractual remedies is, at most, an affirmative defense or arbitration argument; it does not create federal-question jurisdiction. *Caterpillar*, 482 U.S. at 393.

**IV. CONTROLLING AND PERSUASIVE AUTHORITY REQUIRES REMAND HERE.**

28.     Supreme Court decisions including Caterpillar, Allis-Chalmers, Lingle, and Livadas establish: (1) federal jurisdiction must appear on the face of the complaint; (2) § 301 complete preemption is narrow; (3) claims asserting independent statutory or common-law rights are not preempted; and (4) "interpretation" is required—not mere reference to the CBA.

29.     The D.C. Circuit likewise has repeatedly emphasized the narrowness of complete preemption and the "interpretation" requirement for § 301.

30.     D.D.C. decisions applying these principles in the District's employment statutes confirm

that DCHRA discrimination/harassment/retaliation claims are not § 301-preempted merely because a CBA exists or because defendant asserts contractual procedures. The same logic applies to DCFMLA, DCWPCL, and District privacy/wrongful discharge claims.

## V. THE CASE'S SEALED AND PSEUDONYMOUS POSTURE UNDERSCORES THE NEED FOR PROMPT REMAND AND REQUIRES CONTINUED PROTECTION PENDING REMAND.

**1. Removal does not dissolve the Superior Court's seal/pseudonym protections; they remain in effect unless modified.**

Congress enacted 28 U.S.C. § 1450 to prevent removal from wiping away state-court orders. Section 1450 provides that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. The Supreme Court has explained that after removal, the case is taken up "where the State court left it off," and prior state-court orders remain effective unless and until modified. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 435–36 (1974). Accordingly, the Superior Court's sealing/pseudonym protections remain operative here and should be reaffirmed pending remand.

**2. D.C. Circuit law recognizes pseudonymity is appropriate to protect highly sensitive matters, including sexual harassment and medical privacy.**

The D.C. Circuit has articulated a multi-factor test for pseudonymous litigation, focusing on (among other things) whether the party seeks to preserve privacy in a matter of "utmost intimacy," the risk of retaliatory harm, and unfairness to the opposing party. *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019) ("Sealed Case I"); see also *Doe v. McKernan*, No. 24-5049, slip op. at 2–8 (D.C. Cir. July 1, 2025) (reviewing application of Sealed Case I factors). Sexual-harassment allegations and compelled disclosure of psychiatric records fall squarely within matters warranting heightened privacy protections.

3. Removal here risks confidentiality erosion and invites procedural gamesmanship; remand and interim protections are necessary.

Plaintiff filed under seal and pseudonym to prevent disclosure of her identity and sensitive medical/psychiatric information. Removal to federal court—especially when premised on an overbroad preemption theory—creates a foreseeable risk that confidentiality will be tested, challenged, or inadvertently compromised.

This Court should (i) remand for lack of jurisdiction, and (ii) in the interim and in any event, enter/maintain an order confirming that Plaintiff may proceed as "Jane Doe" and that filings remain under seal consistent with the Superior Court's order(s), unless and until this Court affirmatively modifies those protections under the governing standards.

**VI. PLAINTIFF IS ENTITLED TO JUST COSTS AND ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(c).**

35. Section 1447(c) authorizes an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court holds that fees are appropriate when the removing party lacked an objectively reasonable basis for removal; conversely, when an objectively reasonable basis exists, fees should generally be denied.

36. Here, the removal lacked an objectively reasonable basis. Defendant did not identify a federal claim on the face of the complaint; instead it asserted complete preemption based on generalized references to discipline, deductions, leave documentation, and grievances—precisely the kind of "reference not interpretation" theory rejected by Supreme Court and D.C. Circuit precedent. Moreover, Defendant's removal risked unnecessary disclosure of a sealed plaintiff's identity and sensitive medical information despite § 1450's clear preservation of pre-removal protective orders.

37.  Plaintiff recognizes that courts in this Circuit sometimes deny fees where removal arguments have "some" facial support, even if ultimately incorrect. To address that risk, Plaintiff frames the fee request narrowly: Defendant's theory was not merely wrong; it was unreasonable because it ignored settled "interpretation" limits and leveraged removal to jeopardize existing confidentiality protections.

At minimum, the Court should award costs and require Defendant to show cause why fees should not be awarded, or permit Plaintiff to submit a fee petition within 14 days of remand.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) remand this action to the Superior Court of the District of Columbia for lack of subject-matter jurisdiction; (2) maintain the seal and "Jane Doe" pseudonym pending remand and direct redacted public filings if necessary; and

(3) award Plaintiff just costs and expenses, including attorneys' fees, under 28 U.S.C. § 1447(c).

Respectfully submitted,

/s/ John L. Pittman III
John L. Pittman III, Esq., LLM[2]
Texas State Bar No. 24127922
New York State Bar No. 5880646
California State Bar No. PL482988
District of Columbia Bar No. 1742578
**JOHN L. PITTMAN III | ATTORNEY AT LAW, APC**
925 B Street, Suite 604
San Diego, California 92101
Direct: 760-575-4042 - Fax: 877-575-5264
jlpittmaniii@jp3law.com
**COUNSEL FOR PLAINTIFF JANE DOE**