UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE,**<br>(individually and proceeding under pseudonym)<br><br>c/o John L. Pittman III, Esq.<br>925 B. St, Suite 604<br>San Diego, CA 92101<br><br>*Plaintiff*,<br>v.<br><br>**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,**<br>1625 L St NW, Washington, DC 20036,<br><br>1625 L Street, N.W.<br>Washington, DC 20036-5687<br><br>*Defendant.* | Case No.: 1:25-cv-03985-SLS<br><br>Judge: Judge Sparkle L. Sooknanan |

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND TO SEAL LIMITED MATERIALS (OR, IN THE ALTERNATIVE, TO MAINTAIN THE DOCKET UNDER SEAL PENDING REMAND)

## INTRODUCTION

Plaintiff filed this action in the Superior Court of the District of Columbia under seal and under the pseudonym "Jane Doe" due to the case's highly sensitive allegations, including workplace sexual harassment and medical/psychiatric privacy issues. See Plaintiff's Motion to Remand, ECF No. 7 (explaining sealed/pseudonymous posture and confidentiality concerns).

On December 29, 2025, the Court entered a Minute Order noting that Plaintiff has raised confidentiality concerns but has not moved to seal under Local Civil Rule 5.1(h). Plaintiff files this motion promptly in response to that Order and to ensure that the record is handled in a manner consistent with (1) the Superior Court's pre-removal orders and (2) the governing D.C. Circuit standards for pseudonymous litigation and limited sealing.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Permit Plaintiff to proceed under the pseudonym "Jane Doe"** in this Court;

2. **Seal only those materials that would identify Plaintiff** or disclose sensitive medical/psychiatric information (with public, redacted versions where feasible); and

3. **Direct the Clerk to maintain the caption using "Jane Doe"** and restrict access to unredacted identifying materials.

**In the alternative**, if the Court concludes that partial measures are insufficient to prevent disclosure of Plaintiff's identity pending jurisdictional resolution, Plaintiff requests that the Court **temporarily maintain the docket under seal** until the Court resolves remand and/or enters a protective order governing confidential filings.

## RULE 7(m) STATEMENT

Pursuant to LCvR 7(m), undersigned counsel attempted to confer with Defendant's counsel on December 29, 2025 regarding the requested relief. Defendant has not responded as of filing.

## LEGAL STANDARD

**A. Local Rule Framework for Sealing in the District of Columbia (LCvR 5.1(h))**

In this District, "[a]bsent statutory authority, no case or document may be sealed without an order from the Court." A party seeking sealed treatment must file the document in the manner authorized by the Clerk and must accompany the filing with a motion to seal; critically, the Local Rules provide that the document "will be treated as sealed, pending the outcome of the ruling on the motion." *LCvR 5.1(h)*. Thus, the seal request is not waived or forfeited by not having been filed earlier—rather, the Local Rules contemplate that sealed treatment is determined by Court

order, and that interim sealed treatment attaches pending the Court's resolution of a properly filed motion.

The Local Rules further contemplate motions practice at the outset of a case involving a sealed complaint and/or a pseudonymous complaint. LCvR 40.7(f) identifies, for matters not already assigned, the "motion to seal the complaint" and "motion to file a pseudonymous complaint" as motions the Chief Judge may hear and determine. *LCvR 40.7(f)*. Whether resolved by referral or by the assigned judge in an already-assigned civil action, the governing standards remain those articulated by the D.C. Circuit and this Court's Local Rules.

**B. The Strong Presumption of Public Access and the Hubbard Factors Governing Sealing**

Federal courts recognize a strong presumption in favor of public access to judicial records. In this Circuit, when a court is asked to seal or keep sealed judicial records, it applies the six-factor test articulated in *United States v. Hubbard,* weighing:

1. the need for public access to the documents at issue;
2. the extent of previous public access to the documents;
3. the fact that someone has objected to disclosure, and the identity of that person;
4. the strength of any property and privacy interests asserted;
5. the possibility of prejudice to those opposing disclosure; and
6. the purposes for which the documents were introduced during the judicial proceedings.

    *United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1981).*

The burden rests on the party seeking to restrict access to "come forward with specific reasons" supporting sealing and to demonstrate that sealing is warranted under the Hubbard balancing analysis. Any sealing order must also be narrowly tailored—courts should consider less restrictive alternatives (such as targeted redactions) and seal no more than necessary to protect the interests at stake. *Id.*

**C. Pseudonymous Litigation: Presumption of Party Identification and the D.C. Circuit's Five-Factor Balancing Test**

The Federal Rules create a presumption against pseudonymous litigation: complaints must "name all the parties," and actions must be prosecuted in the name of the real party in interest. Nonetheless, the D.C. Circuit recognizes that federal courts may grant the "rare dispensation of pseudonymous status" where warranted after a flexible, fact-driven balancing analysis.

In this Circuit, courts apply a non-exhaustive five-factor balancing test considering:

1. the strength and sensitivity of the plaintiff's privacy interests;
2. the risk of retaliatory physical or mental harm to the requesting party or innocent non-parties;
3. the age of the persons whose privacy interests are at stake;
4. whether the action is against a governmental or private party; and
5. the risk of unfairness to the opposing party from allowing the action to proceed anonymously.

These factors are "non-exhaustive," and the inquiry depends on the totality of the circumstances. The moving party bears the burden to show that the interest in proceeding under a pseudonym outweighs countervailing interests in transparency and public access.

**D. Effect of Pre-Removal Confidentiality/Sealing Protections (28 U.S.C. § 1450)**

Where an action is removed from state court, 28 U.S.C. § 1450 provides that "[a]ll injunctions, orders, and other proceedings" entered prior to removal "shall remain in full force and effect until dissolved or modified by the district court." The Supreme Court has explained that § 1450 is designed so that the federal court "takes the case up where the State court left it off," preserving pre-removal protections unless and until the federal court affirmatively changes them. *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974). Accordingly, where the

case was initiated under seal and/or under a pseudonym to protect sensitive privacy and safety interests, the Court may maintain those protections while it adjudicates the appropriate federal standard for sealing and pseudonymity. *Id.*

## ARGUMENT

**I. Plaintiff Should Be Permitted to Proceed Under the Pseudonym "Jane Doe."**

Federal practice starts from the presumption that litigants proceed in their real names, but the D.C. Circuit recognizes that courts may grant the "rare dispensation" of pseudonymous status where justified under a flexible, fact-driven balancing test. The governing five-factor framework asks whether the request is grounded in (1) a sensitive and highly personal matter, (2) a risk of retaliatory physical or mental harm, (3) age-related sensitivity, (4) the identity of the opposing party, and (5) any unfairness to the opposing party. Courts in this Circuit apply the five-factor test articulated in *In re: Sealed Case, No. 19-1216 (D.C. Cir. 2020)*

Plaintiff's privacy interests are exceptionally strong. This matter involves allegations of sexual harassment and related sensitive facts, as well as medical/psychiatric privacy issues that would be exacerbated by disclosure of Plaintiff's identity. Plaintiff's Motion to Remand placed the Court on notice that Plaintiff filed under seal and pseudonym to prevent disclosure of her identity and sensitive medical/psychiatric information.

Under D.C. Circuit standards, the sensitivity of the privacy interests and the concrete risk of harm from disclosure weigh heavily in favor of pseudonymity. The requested pseudonymity imposes no unfairness on Defendant, which already knows Plaintiff's identity and can litigate fully; it primarily governs public-facing case administration.

**1. This case involves sensitive and highly personal subject matter.**

Plaintiff's claims arise from workplace sexual harassment and related sensitive facts, together with medical/psychiatric privacy issues that would be exacerbated by public identification. Those

are paradigmatic "sensitive and highly personal" matters supporting pseudonymity. In re: Sealed Case, No. 19-1216 (D.C. Cir. 2020)

**2. Identifying Plaintiff poses a meaningful risk of retaliatory harm and severe collateral consequences.**

Publicly linking Plaintiff's name to allegations of sexual harassment and sensitive medical/psychiatric matters creates a foreseeable risk of retaliation, stigmatization, and consequential professional harm, and can itself inflict substantial mental and emotional injury. This factor weighs strongly in favor of permitting Plaintiff to proceed as "Jane Doe." *Id.*

**3. Age is neutral.**

Plaintiff is an adult, so the age factor is neutral and does not undermine pseudonymity. *Id.*

**4. The fact that Defendant is a private party does not defeat pseudonymity on these facts.**

While suits against private parties can implicate heightened openness concerns, the D.C. Circuit treats this factor as part of a holistic balance—not a dispositive bar—particularly where the privacy interests are substantial and the request is narrowly tailored. *Id.*

**5. Allowing pseudonymity creates no unfairness to Defendant.**

Defendant already knows Plaintiff's identity (or will know it through counsel and appropriate disclosures), and pseudonymity affects only public captioning and access—not Defendant's ability to defend the case. Because pseudonymity here does not conceal Plaintiff's identity from Defendant, there is no due process unfairness. *Id.*

For these reasons, Plaintiff has met her burden to show that her interests in proceeding under a pseudonym outweigh countervailing interests in public disclosure.

**Procedural note (D.D.C. referral):** Requests to proceed under a pseudonym in this District are referred to the Chief Judge under LCvR 40.7(f). Plaintiff therefore requests that the Court direct referral of the pseudonym component as required, while also entering the sealing/redaction relief requested below.

**II. Limited Sealing Is Necessary and Warranted Under LCvR 5.1(h) to Prevent Disclosure of Plaintiff's Identity and Sensitive Medical Information .**

Plaintiff does not seek blanket secrecy. Rather, Plaintiff seeks sealing only to the extent necessary to avoid public disclosure of identifying information and sensitive medical/psychiatric details. This is a narrowly tailored remedy consistent with the strong presumption of public access and the balancing required by D.C. Circuit law.

Plaintiff proposes the following practical framework:

1. **Unredacted identifying materials** (including any document that states Plaintiff's legal name, home address, personal identifiers, or detailed medical/psychiatric information) should be filed **under seal**;

2. **Redacted public versions** should be filed where feasible; and

3. The docket should maintain the "Jane Doe" caption.

Applying the Hubbard factors, Plaintiff's privacy and safety interests substantially outweigh any marginal public interest in Plaintiff's identity or sensitive medical details, and the requested sealing is narrowly tailored. Because Plaintiff filed under seal/pseudonym in Superior Court, there has been no meaningful prior public access to Plaintiff's identity.

**III. Section 1450 Supports Maintaining the Superior Court's Pre-Removal Protections Pending Remand.**

This case was filed under seal and pseudonym in Superior Court. Upon removal, 28 U.S.C. § 1450 provides that state-court orders "remain in full force and effect until dissolved or modified" by the district court. *Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423 (1974).* The Supreme Court has explained that, after removal, the federal court "takes the case up where the State court left it off."

Accordingly, where pre-removal confidentiality protections existed to prevent disclosure of sensitive identifying material, maintaining those protections pending resolution of remand (and pending the Court's determination of the appropriate federal sealing/pseudonym framework) is consistent with § 1450 and avoids irreparable disclosure that the Superior Court had already deemed inappropriate.

**IV. The Requested Relief Is Narrowly Tailored and Represents the Least Restrictive Means to Protect Compelling Privacy Interests.**

Plaintiff's requested order is limited to the following practical measures:

1. Maintaining the public caption as "Jane Doe";
2. Allowing unredacted filings that contain Plaintiff's name, address, or personal identifiers (and sensitive medical/psychiatric details) to be filed under seal; and
3. Requiring public redacted versions where feasible.

That approach is materially less restrictive than sealing the entire case and is precisely the type of narrow tailoring courts employ to reconcile privacy interests with the presumption of public access.

**V. In the Alternative, Temporary Administrative Sealing Is Appropriate Pending Resolution of This Motion and the Motion to Remand.**

If the Court concludes that limited sealing and redactions cannot adequately prevent identification at this stage, Plaintiff requests, in the alternative, a temporary restriction on public access to the specific filings that would reveal Plaintiff's identity pending decision on this Motion (and, as appropriate, pending resolution of remand). This is consistent with LCvR 5.1(h)'s treatment of intended sealed documents as sealed while the Court rules, and it prevents irreparable disclosure that cannot later be "unrung."

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion and enter the proposed order.

Dated: December 29, 2025

Respectfully submitted,

/s/ John L. Pittman III
John L. Pittman III, Esq., LLM[2]
Texas State Bar No. 24127922
New York State Bar No. 5880646
California State Bar No. PL482988
District of Columbia Bar No. 1742578
**JOHN L. PITTMAN III | ATTORNEY AT LAW, APC**
925 B Street, Suite 604
San Diego, California 92101
Direct: 760-575-4042 - Fax: 877-575-5264
jlpittmaniii@jp3law.com
*COUNSEL FOR PLAINTIFF JANE DOE*