UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe,<br>            *Plaintiff,*<br><br>    v.<br><br>American Federation of State, County, and<br>Municipal Employees,<br>            *Defendant.* | No. 1:25-cv-03985<br><br>Judge Sparkle L. Sooknanan<br><br>Motion of Eugene Volokh to Intervene and<br>Unseal, with Accompanying Memorandum |

**Motion**

Eugene Volokh is moving (on his own behalf) to intervene and unseal the Plaintiff's Motion to Proceed Under Pseudonym and to Seal Limited Materials (ECF No. 8), and Plaintiff's Sealed Motion to Proceed Under Pseudonym (ECF No. 9). Volokh does so in order to be able to write about the case, including the forthcoming decision on Plaintiff's motions. He often writes about motions to proceed under pseudonym and motions to seal, both in law journal articles and at the Volokh Conspiracy blog on the Reason Magazine site, http://reason.com/volokh. *See, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022); *Right of Access,* Volokh Conspiracy, https://reason.com/tag/right-of-access/. He would like to better understand the arguments that this Court is considering in deciding whether to grant Plaintiff's motions, which requires seeing those motions.

Volokh has spoken to Plaintiff's counsel by telephone, about the possibility of conferring per LCvR 7(m). Plaintiff's counsel took the view that no such conferring was called for, because Volokh is not yet a party, and because Plaintiff's counsel takes the view that Volokh lacks standing to intervene. Plaintiff opposes Volokh's motion. Volokh also corresponded with Defendant's counsel by e-mail, and tried to reach him by telephone; Defendant's counsel stated that Defendant opposes the motion, and can see no way to narrow the areas of disagreement.

1

**Memorandum**

## I.    Volokh should be allowed to intervene

"Pursuant to Federal Rule of Civil Procedure 24(b) and the common-law right of access, third parties may intervene in cases for the 'limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order.'" *League of Women Voters of United States v. Newby*, 963 F.3d 130, 132 (D.C. Cir. 2020) (citation omitted). "The force of precedent . . . compels a flexible reading of Rule 24(b). Given this flexible approach and our longstanding tradition of public access to court records, we construe Rule 24(b) as an avenue for third parties to have their day in court to contest the scope or need for confidentiality." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (cleaned up). Volokh has often been allowed to intervene for this very purpose. *See, e.g.*, *Doe v. Columbia Univ.*, No. 23 CIV. 10393 (DEH), 2024 WL 4149252, at *6 (S.D.N.Y. Sept. 11, 2024) ("the Court GRANTS Volokh's motion to intervene in Columbia and Kachalia"); *Mastriano v. Gregory*, No. CIV-24-567-F, 2024 WL 4003343, at *5 (W.D. Okla. Aug. 26, 2024) ("The Motion of Prof. Eugene Volokh to Intervene to Unseal Record Documents . . . is GRANTED."); *N. Dakota Hum. Rts. Coal. v. Patriot Front*, 346 F.R.D. 102, 105 (D.N.D. 2024) ("Because he has standing and meets requirements of Rule 24, Volokh's motion to intervene is GRANTED.").

## II.    The common-law right of access applies to motions to seal, and calls for unsealing the motion to seal

Because motions to seal implicate the public's right of access to court records, the public and the press need to be able to review them, and to understand why a court is considering hiding certain information from the public. Filings related to whether certain matters should be sealed "qualify as judicial documents because they were submitted to 'influence the district court's rulings' as to whether *other* judicial documents submitted throughout the defamation litigation should

be maintained under seal." *Giuffre v. Maxwell*, 146 F.4th 165, 181 (2d Cir. 2025) (cleaned up). "Accordingly, a presumption of public access attaches" to such filings. *Id.*

The same logic applies to motions to proceed pseudonymously, which are akin to motions to seal or redact. "The presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020). "That presumption is both customary and constitutionally-embedded." *Id.* at 326 (cleaned up). "With open doors as our starting point, we generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* (cleaned up).

The public should thus be able to see the contents of motions for leave to proceed pseudonymously, so it can know what arguments are being given to restrict the public's right of access. "A motion to proceed pseudonymously implicates the First Amendment right of access because a party's identity has traditionally been open to the public and the public access plays a significant positive role in the functioning of a motion to proceed pseudonymously." *Doe v. Teachers Council, Inc.*, No. 3:23-CV-01747-AN, 2024 WL 1232082, at *3 (D. Or. Mar. 21, 2024) (cleaned up) (unsealing motion to proceed pseudonymously, on Volokh's motion, though with some modest redactions); *see also N.D. Hum. Rts. Coal.*, 346 F.R.D. at 105 (unsealing motion to proceed pseudonymously, on Volokh's motion). And Volokh, who is one of the few academics who writes about pseudonymity (both for the public and in law journal articles), is particularly interested in seeing what arguments applicants for pseudonymity are making.

To be sure, *Giuffre* concluded that the presumption of public access gets "stronger" "[t]he more . . . documents implicate a court's core adjudicative role," and suggested that filings related to sealing "are incrementally more attenuated from" that core role. *Id.*; *see also id.* at 182 (remanding

3

the matter so that "the able district judge [can] consider these factors in individually reviewing the [sealing-related] filings and the underlying documents to which they pertain, assigning an appropriate weight to the presumption of public access applicable to the filings, weighing that presumption against any countervailing interests, and then deciding which filings (or parts of filings) can be unsealed"). But the presumption of public access, whether incrementally attenuated or not, remains.

This presumption of public access does not appear to be rebutted here, though of course Volokh is handicapped in elaborating on this point by the very facts that Plaintiff's motions are sealed and that no motion to seal those motions is publicly available. "A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information." *Allegiant Travel Co. v. Kinzer*, No. 2:21-CV-01649-JAD-NJK, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022).

And even if there are some items in Plaintiff's motions that need to be kept confidential, the common-law right of access requires that a district court consider "whether redaction would be an appropriate alternative" to full sealing. *In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022) (criminal case). "If plaintiff wishes to keep certain information sealed, it . . . must explain why the broad scope of requested sealing is necessary such that the alternative of targeted redactions is insufficient." *Doe, Inc. v. Roe*, No. MC 21-43 (BAH), 2021 WL 3622166, at *3 (D.D.C. June 3, 2021). *See also, e.g.*, *Alexander v. Las Vegas Metro. Police Dep't*, No. 2:24-CV-00074-APG-NJK, 2025 WL 1410708, at *1 (D. Nev. Apr. 7, 2025) ("[t]o the extent any confidential information can be easily redacted" from a "motion to modify stipulated protective order" "while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents").

### III. This Court should also recognize a First Amendment right of access filings in civil proceedings, and unseal the motion to seal pursuant to that right

"Though the Supreme Court originally recognized the First Amendment right of access in the context of criminal trials, the federal courts of appeals have widely agreed that it extends to civil proceedings and associated records and documents." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014) (citation omitted); *see also N.Y. C.L. Union v. N.Y. Transit Auth.*, 684 F.3d 286, 305 (2d Cir. 2012) (likewise recognizing a First Amendment right of access to civil proceedings); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984) (same); *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 326 (4th Cir. 2021) (same); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178-79 (6th Cir. 1983) (same); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984) (same); *Courthouse News Serv. v. N.M. Admin. Office of the Courts*, 54 F.3th 1245, 1263 (10th Cir. 2022) (same). The D.C. Circuit has apparently not decided the question, but the other Circuits are correct, and unanimously so: "By its terms, the experience and logic test does not limit the right of access to criminal proceedings. Every circuit to consider the issue has concluded that the qualified First Amendment right of public access applies to civil as well as criminal proceedings." *Dhiab v. Trump*, 852 F.3d 1087, 1099 (D.C. Cir. 2017) (Rogers, J., concurring in part and in the judgment).

In particular, courts have concluded that the First Amendment right of access applies to motions to conceal documents or information from public view, including motions to proceed pseudonymously. *See Doe v. Teachers Council, Inc.*, 2024 WL 1232082, at *3 (motion to proceed pseudonymously); *Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) (protective order brief); *Doe v. City of New York*, No. 1:22-CV-7910 (LTS), 2022 WL 15153410, at *1, *3 (letter seeking "leave to file a motion to proceed anonymously or under seal").

5

The First Amendment right of access calls for an even more demanding test than does the common-law right of access: "The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling government interest." *In re Search Warrant (Gunn)*, 855 F.2d 569, 574 (8th Cir. 1988). For the reasons given above, this test cannot be satisfied here.

## IV.  LCR 5.1(h)(1) also precludes sealing of the motion to seal absent an order from the Court

LCvR 5.1(h)(1) provides,

> Absent statutory authority, no case or document may be sealed without an order from the Court. A document filed with the intention of it being sealed in an otherwise public case . . . shall be accompanied by a motion to seal. . . . Failure to file a motion to seal will result in the document being placed on the public record.

This should also justify unsealing the Plaintiff's motions, since there appears to be no "order from the Court" authorizing their sealing.

## V.  Movant requests that this motion be considered expeditiously

This is particularly so because Plaintiff's motions are currently pending before this Court, and will presumably be decided shortly. Volokh wants to be able to write about those motions in a timely fashion. Just as courts should "act expeditiously on [a] sealing motion" in order to protect the ability of "the public [and] the press . . . to monitor the progress of the litigation as it unfolded," *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (disapproving of a "nine-month delay in ruling on the sealing motion"), so courts ought to act expeditiously on unsealing motions as well. "In light of the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that once found to be appropriate, access should be immediate and contemporaneous." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994), *superseded as to other matters, Bond v. Utreras*, 585 F.3d 1061, 1068 (7th Cir. 2009).

6

"[E]ach passing day may constitute a separate and cognizable infringement of the First Amendment." *Id.* (quoting *Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1975) (Blackmun, J., in chambers)).

**Conclusion**

Volokh has both a First Amendment and common law right of access to Plaintiff's motions. He is entitled to intervene to assert these rights, and the motion to seal should be unsealed.

Respectfully Submitted,

Eugene Volokh
Thomas M. Siebel Senior Fellow
Hoover Institution, Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
*Pro se*
(Institutional affiliation given for identification and addressing purposes only)

January 5, 2025

**Certificate of Service**

I certify that today, January 5, 2025, I filed this document on CM/ECF, and also e-mailed it to the parties.

Eugene Volokh

7