UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe,<br>    *Plaintiff,*<br>  v.<br>American Federation of State, County, and<br>Municipal Employees,<br>    *Defendant.* | No. 1:25-cv-03985<br><br>Judge Sparkle L. Sooknanan<br><br>Reply to Response (ECF No. 11) to Motion<br>(ECF No. 10) of Eugene Volokh to Intervene<br>and Unseal, with Accompanying<br>Memorandum |

## Reply

Plaintiff has moved to proceed under pseudonym and to seal limited materials (ECF No. 8 and 9). Whether pseudonymity is authorized for claims of sexual harassment short of sexual assault (as the claims in this case appear to be) is far from clear. *Cf., e.g.*, *Doe #1 v. Am. Fed'n of Gov't Emps.*, No. CV 20-1558, 2020 WL 14023400, *3 (D.D.C. June 19, 2020) ("The complaint alleges that John Doe #2 suffered through inappropriate touching and remarks and was forced to witness Defendant Cox expose himself. Although these experiences are 'sensitive' and 'personal,' they do not involve the kind of serious sexual assault courts typically find warrants pseudonymous fil-ings."); Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1410 & nn. 277-78 (2022) (citing cases). Indeed, whether pseudonymity is authorized even in cases alleging sexual assault is a matter on which courts are split. *See generally id.* at 1430-37 (citing cases). Courts are likewise split on whether pseudonymity is authorized to shield information about par-ties' mental illnesses or conditions. *See id.* at 1437-41 (citing cases).

But at this point, Movant Eugene Volokh is not opposing pseudonymity—indeed, he cannot do so, since he cannot see the full motions seeking pseudonymity (as opposed to the presumably abbreviated discussion in the Response, ECF No. 11, at 13-16). Rather, the question right now is

whether *Plaintiff's motions themselves* can be kept totally sealed, or whether they should instead be unsealed (either entirely or in lightly redacted form).

LCvR 5.1(h)(1) does not call for sealing of the motions. It provides:

> Absent statutory authority, no case or document may be sealed without an order from the Court. A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal will result in the document being placed on the public record.

This contemplates that, a motion to seal a document must be accompanied by the document—and *the document*, not the motion accompanying the document, "will be treated as sealed, pending the outcome of the ruling on the motion." This is consistent with the view that "[a] motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information." *Allegiant Travel Co. v. Kinzer*, No. 2:21-CV-01649-JAD-NJK, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022).

Likewise, as laid out given in Volokh's motion, the precedents do not generally authorize sealing of motions of unseal. Motions to seal and to proceed pseudonymously are subject to the normal presumption of public access to court records. *See* Motion of Eugene Volokh to Intervene and Unseal, ECF No. 10, at 2-6. And there appears to be no reason why that presumption is rebutted here in a way that authorizes total sealing of Plaintiff's motions.

This having been said, Volokh agrees that, if this Court concludes that there is a compelling reason to redact certain identifying details from Plaintiff's motions, the motions may be released with such modest redactions. Indeed, in such a situation, Plaintiff's motions should likely have been filed in the first instance with a redacted publicly available version, thus minimizing the burden on the public right of access. *Cf., e.g.*, Standing Order for Civil Cases [from then-Chief-Judge Beryl Howell], *Thaler v. Perlmutter*, No. 1:22-cv-01564-BAH, at 3, § 6.g (D.D.C. June 6,

2

2022) ("A party must submit a redacted version, suitable for filing on the public docket, of any document that it proposes to seal at the same time the party files a motion to seal. If a party believes that all portions of a sealed document must remain sealed, the party must specifically notify the Court of that belief at the time of filing the motion to seal."); Standing Order in Civil Cases [from Judge Ana Reyes], *Human Rights Defense Center v. United States Park Police*, No. 1:25-cv-04017, at 6, § 7.k (D.D.C. Nov. 18, 2025) (same as Judge Howell's order); *United States v. AT & T Inc.*, 310 F. Supp. 3d 161, 167 n.2 (D.D.C. 2018) ("Many materials before the Court contain confidential business information or other proprietary data; such submissions were typically filed under seal with an accompanying redacted version accessible to the public."), *aff'd sub nom. United States v. AT&T, Inc.*, 916 F.3d 1029 (D.C. Cir. 2019).

For these reasons, Volokh asks that this Court unseal ECF No. 8 and 9, either in their entirety or, if this Court finds a compelling reason for modest redactions, then with those redactions.

Respectfully Submitted,

/s/ Eugene Volokh
Eugene Volokh
Thomas M. Siebel Senior Fellow
Hoover Institution, Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
*Pro se*
(Institutional affiliation given for identification and addressing purposes only)

January 6, 2026

**Certificate of Service:** I certify that today, January 6, 2026, I filed this document on CM/ECF, and also e-mailed it to the parties.

/s/ Eugene Volokh

3