UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE,**<br>(individually and proceeding under pseudonym)<br><br>c/o John L. Pittman III, Esq.<br>925 B. St, Suite 604<br>San Diego, CA 92101<br><br>*Plaintiff*,<br>v.<br><br>**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,**<br>1625 L St NW,  Washington, DC 20036,<br><br><br>*Serve on*: AFSCME<br>1625 L Street, N.W.<br>Washington, DC 20036-5687<br><br>*Defendants.* | Case No.: 1:25-cv-03985-SLS<br><br>Judge:  Judge Sparkle L. Sooknanan |

**PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION TO NONPARTY EUGENE VOLOKH'S MOTION TO INTERVENE AND UNSEAL (ECF NO. 10)**

I. **Movant's Reply confirms the dispute is primarily about timing and mechanics, not "total secrecy."**

Movant's Reply effectively narrows the controversy. He concedes that if the Court finds a basis to protect identifying details, the motions "may be released with such modest redactions." (*ECF No. 12 at 2*.) That is the same core framework Plaintiff has requested from the outset: protection of identifying and highly sensitive medical/psychiatric information, with redacted public versions where feasible, and no request for blanket secrecy. *(ECF No. 11 at 10; ECF No. 8 at 2.)*

Movant instead seeks immediate access so he can "write about the case" and the Court's forthcoming rulings. (*ECF No. 10 at 1, 6; ECF No. 11 at 1.*) But the right-of-access inquiry turns on balancing and narrow tailoring, not on a nonparty's preferred timeline for commentary.

II.     **Movant's attempt to preview the merits of pseudonymity is speculative, premature, and underscores why interim protections matter.**

Movant speculates that Plaintiff's claims "appear to be" sexual harassment "short of sexual assault," and suggests pseudonymity may be uncertain on that basis. (*ECF No. 12 at 1.*) Yet Movant simultaneously admits he is "not opposing pseudonymity" at this stage because he cannot see the sealed motions. (*Id.*)

That is precisely why the Court should not order disclosure first and decide the merits later. Where disclosure of identity-related or highly sensitive information would be irreversible, the Court should decide the pending pseudonym/sealing questions under the governing standards before any public release that could defeat the requested protection. *(See ECF No. 11 at 3, 14 (discussing Hubbard balancing and irreparable harm from disclosure).)*

III.    **LCvR 5.1(h)(1) does not require immediate unsealing of the challenged filings; at most, it supports the Court's orderly process of deciding sealing/redaction first.**

Movant argues LCvR 5.1(h)(1) "does not call for sealing of the motions" and reads the Rule's interim-sealed language as applying only to a separate "document," not the sealing/pseudonym motions themselves. (*ECF No. 12 at 2.*)

That argument elevates form over function and ignores the practical reality of this case posture. As Plaintiff explained, LCvR 5.1(h)(1) is designed to prevent exactly what Movant asks the Court to do: make potentially irreversible disclosures before the Court rules on whether

2

sealing/redaction is warranted. (*ECF No. 11 at 7, 11.*) The Court's task is to decide the proper scope of public access while protecting any compelling privacy and safety interests through the least restrictive alternative. (*Id. at 6–7, 12–13.*)

In addition, this action was initiated in a sealed/pseudonymous posture prior to removal, and that protective posture may be maintained unless and until modified, so removal does not operate as an end-run around existing confidentiality protections. (*ECF No. 11 at 7–8 (citing 28 U.S.C. § 1450 and Granny Goose Foods).*)

IV. **The least restrictive, standard remedy, if any public access beyond the existing public record is ordered, is redaction on a schedule set by the Court, not immediate unsealing of unredacted filings.**

Even accepting Movant's premise that motions implicating access issues are typically filed publicly, his requested remedy does not follow. The proper course is the one Plaintiff has repeatedly proposed: allow public access, if appropriate, through a tailored, redacted/pseudonymous version that preserves the legal arguments and the Court's reasoning without disclosing identity or sensitive medical/psychiatric information. (*ECF No. 11 at 3–4, 12–16.*)

That is the narrowly tailored solution here as well. If the Court determines that any portion of *ECF Nos. 8 and 9* can be made public, it can order Plaintiff to file redacted/pseudonymous versions on a schedule the Court sets, while keeping unredacted versions sealed as necessary to prevent disclosure of identity and sensitive medical/psychiatric information. (*ECF No. 11 at 12–13.*)

V. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) deny Movant's request to unseal unredacted versions of *ECF Nos. 8 and 9*, and (2) if the Court orders any additional public access, require only narrowly tailored redacted/pseudonymous versions on a schedule set by the Court, while maintaining unredacted identity- and medical/psychiatric-related material under seal as necessary.

Respectfully submitted,

/s/ John L. Pittman III
John L. Pittman III, Esq., LLM[2]
Texas State Bar No. 24127922
New York State Bar No. 5880646
California State Bar No. PL482988
District of Columbia Bar No. 1742578
**JOHN L. PITTMAN III | ATTORNEY AT LAW, APC**
925 B Street, Suite 604
San Diego, California 92101
Direct: 760-575-4042 - Fax: 877-575-5264
jlpittmaniii@jp3law.com
**COUNSEL FOR PLAINTIFF JANE DOE**

4